[Crim. No. 4976.   Second Dist., Div. One.   May 20, 1953.]

THE PEOPLE, Respondent, v. FIDEL C. CARDENAS, Appellant.

Manuel Ruiz, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was charged by information in count I with the possession of what is commonly known as marihuana and in count II with the possession of "a preparation of heroin." Defendant was adjudged guilty by a jury, a motion for a new trial was denied and the appeal followed.

As recited in appellant's brief, "Appellant contends on this appeal that before a conviction may be sustained, that the record must show that possession of narcotics must be such as to be immediate, accessible and exclusive to the defendant. The case before the lower court was tried by the prosecution upon such predicate, and it is contended by the appellants on this appeal that the evidence is insufficient to support the verdict."

The record reveals that the officers visited the home of defendant, where "a small room in back of the main house"

was searched and there "A large shopping bag containing green leafy substance was found in the adjoining rummage room; one small sack containing the same type of material was secreted behind a speaker hanging on the wall; three more small sacks containing green leafy material, seeds and stems were found in the drawers of the dresser along with brown cigarette papers, which were put into one of the small sacks at the time of the search; a suitcase was found on the floor between the dresser and the bed; a manila envelope containing a white paper bindle which contained a brownish white powder was also found in one of the dresser drawers. The speaker behind which one of the sacks was concealed was part of a record player belonging to defendant." A chemical analysis established the products found by the officers as marihuana and heroin.

No citations of authority are necessary to illustrate the well settled rule that questions as to the weight of evidence and the credibility of witnesses are not for an appellate tribunal to determine. Assuming, too, that others had access to the premises, it should be noted that the jury was fully instructed as to questions resulting from such circumstances.

On the whole, the evidence was sufficient as a matter of law to support the verdict even though it was, as in many cases, conflicting. The record does not present a situation where the testimony is inherently improbable.

The judgment and order are affirmed.

White, P. J., concurred.