[Crim. No. 2959.   First Dist., Div. Two.   Jan. 25, 1954.]

THE PEOPLE, Respondent, v. EDWARD NEAL, Appellant.

C. L. Shinn for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant was convicted by a jury of a violation of section 11500, Health and Safety Code, possession of marijuana. He appeals from the judgment and from an order denying his motion for new trial.

Two police officers on January 9, 1953, went to the premises known as 1626 Ellis Street in San Francisco. The premises consisted of a front room used as a shoeshine parlor and a back room containing a restaurant counter, a juke box, a table and chairs and a Chesterfield sofa. Appellant was in sole charge of the shoeshine stand at the time and was shining a customer's shoes. The door to the back room was locked. At the officers' request appellant gave them a bunch of keys, including the key to the back room. They unlocked the door, entered the back room and discovered a package wrapped in newspaper protruding from between a cushion and the back of the sofa. This contained seven marijuana cigarettes. Appellant denied all knowledge of this package. Appellant admitted that he had rented or was negotiating to rent the restaurant and the day before had been working in the back room shortening the counter. He claimed that the back room had been open to the public until the day before when the police requested its owner or lessee, one Foley, to lock it up.

It was appellant's claim that one Jimmy Adalo operated the shoeshine parlor, that Adalo had spent the night before with him in his room and that he had only relieved Adalo a few minutes before the officers arrived to permit Adalo to go to appellant's room to get a coat which he had left there. Appellant testified that he had only relieved Adalo "about twice" at the shoeshine parlor. However, the officers testified that Foley told them in appellant's presence that "defendant was shining shoes there on a part time basis," although Adalo regularly operated the stand.

In appellant's room the officers found two hypodermic needles and an eyedropper, commonly used by addicts for taking heroin. Appellant denied any knowledge of these articles. They also found three packages of cigarette papers similar to the paper in which some of the marijuana cigarettes were wrapped. Appellant admitted that the papers were his and stated that he had used them for rolling cigarettes of tobacco.

Appellant urges that the facts show no more than a suspicion against him and are not sufficient to support his conviction. We dismiss the finding of the hypodermic needles and eyedropper in appellant's room. They are not articles

used in connection with marijuana. Nor is the possession of cigarette papers of a common sort, which might be found in the possession of hundreds of cigarette smokers, of any moment.

Basically the question is, where a defendant is found in sole occupancy of premises with the key to a locked room on his person, he admits being in the room the day before and narcotics are found therein, may the jury fairly draw the inference that he knowingly possessed the narcotics? We think that they may.

Appellant testified that Adalo and others had equal access to the room and argues that unlawful possession of narcotics is not proved where equal right and facility to enter the premises is available to others. (*People* v. *Gallagher,* 12 Cal. App.2d 434 [55 P.2d 889] ; *People* v. *Martin,* 76 Cal.App.2d 317 [172 P.2d 910] ; *People* v. *Bledsoe,* 75 Cal.App.2d 862 [171 P.2d 950].) Appellant's testimony to this effect was evidently not believed by the jury and he called no witness to corroborate him in any particular.

Appellant made a motion for new trial. He produced in support of the motion one McDonald, who testified that he and several others were in the back room when the police entered it and that he saw somebody put a package of cigarettes under the cushion of the Chesterfield. A motion for a new trial for newly discovered evidence gives room for a wide discretion to the trial judge. (*People* v. *Mandell,* 48 Cal.App.2d 806, 818 [120 P.2d 921] ; *People* v. *Coronado,* 57 Cal.App.2d 805, 815 [135 P.2d 647].) McDonald's story was at complete variance with all of the testimony given at the trial. According to the witnesses including appellant the back room was locked and nobody was in it when the officers unlocked the door and entered. There was no abuse of discretion in denying the new trial.

The judgment and denial of a new trial are both affirmed.

Nourse, P. J., and O'Donnell, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.