[Crim. No. 6269.   Second Dist., Div. Three.   Oct. 24, 1958.]

THE PEOPLE, Respondent, v. MARILYN R. POE, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was charged with possession of heroin. By stipulation the cause was submitted to the court without a jury on the transcript of the preliminary hearing and additional evidence. Defendant was found guilty as charged. She appeals from the judgment and the order denying her motion for a new trial.

About 10:45 p.m. on October 29, 1957, Officer Van Court of the Los Angeles Police Department received a telephone call from an unidentified person who told him defendant and Johnny Patterson were in possession of heroin in unit 4 of the Valley Vue Motel at 14918 Ventura Boulevard, Los Angeles.

Shortly thereafter Van Court, with Officers Olson and Hill, went to the motel and with the use of a pass key entered unit 4. As they entered, Van Court saw Patterson who was standing in the bathroom throw something into the toilet. Hill retrieved from the toilet a syringe that was nearly full of liquid and an eye dropper with a hypodermic needle attached. Defendant was standing near the bathroom door at the time. Immediately to the left of the bathroom door Van Court found four small gelatin capsules on the top of a dresser. Van Court gave defendant a light accommodation test of her eyes and concluded she was under the influence of narcotics. Defendant and Patterson were placed under arrest. The eye dropper and the capsules contained heroin.

At the police station defendant told Van Court and Hill she could not explain what had happened to her but she had had a "terrific yen" for narcotics over the weekend; she and Patterson had gone together, she had put in $28 and Patterson had put in $22; they scored 2½ grams in the Hollywood area; she had "shot two caps" of it about two hours before the officers entered the motel; she was using about two or four caps a day when she had it; Patterson had bought the narcotics and had given them to her.

Patterson testified: he bought the narcotics; he received no money from defendant; the narcotics were his, defendant had no interest in them; he did not see defendant take a "fix." Defendant testified: she did not use any narcotics on October 29, 1957; she did not have any narcotics at that time; she could not recall whether any physical examination of her person was made at the time of her arrest; she did not tell the officers the matters related above; she did not see Patterson take a "fix" or use a hypodermic kit in the motel. De-

fendant admitted having given Patterson $28 the day before but said she owed it to him, that it was not for narcotics; the capsules were right on top of the dresser; she did not know they were there; Patterson had a kit; she did not see his kit.

The conversation the police officers had with defendant was tape recorded. The tape was played to the court and introduced in evidence.

Defendant's only point is that the evidence is insufficient to sustain the implied finding of joint possession. No inquiry was made as to the identity of the informer. No question was or is raised with respect to the legality of the search and seizure.

It is not our function to pass on the weight of the evidence. A finding by a trial court of constructive joint possession of narcotics will not be disturbed on review if there is substantial evidence to sustain the finding. The heroin was found in premises jointly occupied by defendant and Patterson. Patterson threw the syringe and hypodermic needle into the toilet. Defendant was standing nearby. The four capsules were found on the dresser. There was evidence that defendant was under the influence of narcotics when the officers entered the motel. Defendant in effect admitted to the officers that she was in possession of the narcotics. It is a reasonable inference that defendant and Patterson were closely associated in the unlawful possession. We are of the opinion the evidence sustains the implied finding of the trial court that defendant knew of the presence of the narcotics in the motel or had the right to exercise dominion and control over them and was therefore in joint possession of them. The evidence sustains the finding of guilt. (*People* v. *MacArthur*, 126 Cal.App.2d 232 [271 P.2d 914], and cases there cited.)

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.