[Crim. No. 3609. First Dist., Div. Two. Apr. 20, 1960.]

THE PEOPLE, Respondent, v. WILLIAM DONNELL JONES, Appellant.

James L. Gault, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant appeals from a judgment entered upon the verdict of guilty of possession of marijuana in violation of Health and Safety Code, section 11500. He is represented by court-appointed counsel.

Appellant argues: 1. that the evidence is insufficient to support the judgment; and 2. that the court committed prejudicial error in sustaining objections to certain questions.

Appellant insisted upon conducting his own defense although, with his consent, the court assigned a deputy public defender to counsel and assist him.

On April 12, 1958, appellant paid one week's rent in ad-

vance to Mrs. Gladys Gentry, and moved into quarters in her rooming house at 1062 Fulton Street in San Francisco. Appellant's apartment, one of two in the third floor attic, consisted of a bedroom and kitchenette. There was one door to this apartment cut at an angle to conform to the roof of the house which opened into the bedroom. This door was not used and was kept locked by a bolt on the inside. The only other outside door opens into the kitchenette and is provided with a lock. Appellant occupied this apartment from April 12 until April 17 when he was arrested on a charge of vagrancy. He was confined in jail thereafter and never returned to the apartment. On April 19 he telephoned to Mrs. Gentry asking her to get someone to furnish bail to release him from jail, which she refused to do. On April 24, since appellant's rent was overdue and he had not returned, Mrs. Gentry advised the police of these facts by telephone and then with her husband entered his apartment to pack his belongings and remove them. On the window sill inside the bedroom they found a box containing cigars and a substance which Mr. Gentry thought looked like marijuana. The next morning they notified the police and admitted them to the apartment. An analysis of the substance in the cigar-box established that it was marijuana.

Mrs. Gentry testified that the smaller door to the apartment was locked with a bolt from the inside. Appellant produced evidence that this bolt was defective and that he had had to prop a chair against this door to keep it from opening. As to the door leading to the kitchenette Mrs. Gentry testified that she had given a key to this door to appellant when he rented the apartment. Appellant denied flatly ever receiving such a key. Mrs. Gentry further testified on cross-examination that the rooms were not kept locked when they were not rented. Appellant produced witnesses who testified that on one occasion before April 17 they went to appellant's apartment in his absence and found the door to the kitchenette unlocked. There was also testimony that some of his clothes which had been in the apartment were found to be missing.

When arrested for vagrancy appellant told the officers that his name was Middlebrooks and that he lived at an address in Berkeley. The address given was his mother's home and Middlebrooks is the name of his stepfather. When appellant rented the apartment from Mrs. Gentry he told her that he had just come from Texas, which was not true.

Appellant cites cases holding that when other persons have equal access to a room in which narcotics are found, the mere presence of the narcotics in such room, although occupied by a defendant, is not sufficient standing alone to establish possession by the defendant. Giving these cases full weight they are not here controlling. Whether or not appellant was given a key to the room and whether or not the doors were locked presented questions of fact for the jury. ██ Appellant was impeached by proof of previous felony convictions and the jury was entitled to disbelieve his testimony. ██ Where narcotics are found in a locked room occupied by a defendant, that has been held sufficient to support a conviction of the defendant of their possession. (*People* v. *Neal*, 122 Cal.App.2d 749 [265 P.2d 525] ; *People* v. *Cardenas*, 118 Cal.App.2d 9 [256 P.2d 1055].) Here additionally we have the fact that upon his arrest for vagrancy appellant concealed his true residence at Mrs. Gentry's rooming house from the police and gave his mother's home at which he was not then living as his residence. ██ Attempts at concealment or other suspicious conduct may be given weight by the jury in determining the question of possession. (*People* v. *Rumley*, 100 Cal.App.2d 6, 9 [222 P.2d 913] ; *People* v. *Anderson*, 90 Cal.App.2d 326, 333 [202 P.2d 1044].)

Appellant complains that the court erred in sustaining an objection to a question as to what one police officer said to another at the time of his arrest. He now claims, although no such assertion was made in the trial court, that the testimony sought would have rebutted "the prosecution's inference that a false name and address had been given." ██ While as a general rule questions asked on cross-examination are largely exploratory, and "it is unreasonable to require an offer of proof since counsel often cannot know what pertinent facts may be elicited" (*Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d 1]), this case does not properly fall within that rule since appellant was present and heard the statement which he was seeking to prove and was therefore in a position where he could and should have made an offer of proof. Under these circumstances in the absence of an offer of proof we can neither determine whether the statement sought to be proved was material nor whether its exclusion might or might not have been prejudicial.

██ Appellant further complains that he was not allowed to testify to his reason for telling Mrs. Gentry that he had just come from Texas. It was technically error to exclude this

testimony since a party can always testify to his own state of mind where that is material. (18 Cal.Jur.2d, Evidence, § 151, pp. 602-603.) No offer of proof was made, however, and in the absence of such an offer we are in no position to find that the exclusion of this evidence was prejudicial.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 20, 1960, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1960. Dooling, J., did not participate therein.