[Crim. No. 570. Fifth Dist. July 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY
RODRIQUEZ, Defendant and Appellant.

W.. Stuart Home, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Talmadge R. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—Appellant appeals from a judgment of conviction of possession of heroin in violation of Health and Safety Code section 11500. He contends that he was the victim of an unlawful search and seizure, that it was prejudicial error for the court to allow a police officer to express the opinion that balloons are normally used to carry heroin, that the court improperly admitted evidence that the arresting officers found marijuana in the house in which he was arrested, and that the court should have allowed appellant's

witness, Mary Bracamonte, to testify that her husband told her that the heroin found in appellant's possession his.

The facts are these: Four agents of the State Bureau Narcotics Enforcement and an officer of the Fresno Cou sheriff's office arrived at the residence of Johnny Br monte at 467 South Villa Street in Fresno on the afternoo. December 29, 1966; the officers had gone there to execut search warrant authorizing the search of Bracamonte's per and his residence. Agent Richard Walley knocked at the c and his knock was answered by a 6-year-old child: W Walley inquired as to whether Bracamonte was at home, boy opened the door and gestured towards the interior of house. Then the agents stepped inside.

As Agent Walley entered the house he observed appellar suspected dealer in narcotics, standing in front of a sof the living room. Walley informed appellant that the offi were going to search the residence and inquired as to Br. monte's whereabouts. However, he noticed that appella right hand was clenched in a fist behind his right leg asked appellant what he was concealing. Appellant mac further gesture to conceal his hand from view, and then ra it in an upward motion toward his mouth. The agent drop the search warrant and grabbed appellant's fist when it approximately 6 to 8 inches from his mouth. Appel resisted but he was subdued by Walley and Agent Rich Pizzo. Appellant opened his fist and a small pink ball wrapped into a ball, fell to the floor. A subsequent chem analysis of the contents of the balloon disclosed that it tained a total of .32 grams of diacetyl morphine, commc known as heroin.

 Appellant's contention that he was unlawf searched is twofold. He asserts that the arresting officers lated Penal Code section 1531 because they entered Bracamonte home at the invitation of a 6-year-old child did not have the authority or capacity to admit them o consent to the search of the premises. He also maintains even if it is assumed that the entry of the officers into Bracamonte home was lawful, the subsequent search of person was illegal because the search warrant was not dire against him but against Bracamonte. We shall deal first the asserted unlawful entry.

 It is true, as appellant asserts, that an unannoun entry by the police into a house, contrary to Penal Code

tion 1531, is illegal and that evidence adduced therefrom is inadmissible as the product of an unreasonable search (*People v. Gastelo,* 67 Cal.2d 586 [63 Cal.Rptr. 10, 432 P.2d 706]).

It is also true that the exclusionary rule may be invoked by a guest in the house that was unlawfully entered (*People v. Johnson,* 70 Cal.2d 541, 553 [75 Cal.Rptr. 401, 450 P.2d 865]; *People v. Martin,* 45 Cal.2d 755 [290 P.2d 855]).

However, section 1531 merely prohibits an unannounced entry that would be considered a ''breaking'' as the term is used in the definition of common law burglary (*People v. Rosales,* 68 Cal.2d 299, 303 [66 Cal.Rptr. 1, 437 P.2d 489]). Thus, ''an entry through an open door is not a breaking'' nor is it ''repugnant to and inconsistent with the United States Constitution.'' (*People v. Bradley,* *(Cal.App.) 70 Cal.Rptr. 339; *People v. Taylor,* 266 Cal.App.2d 14 [71 Cal. Rptr. 886].)

In the instant case there is absolutely no evidence that the officers turned the knob or even pushed open the door before they entered the Bracamonte home. Moreover, they did not compel, command or in any way coerce the 6-year-old child to open the door for them. On the contrary, according to the evidence, the officers knocked on the door, politely asked if Bracamonte was home and then entered the house only after the child opened the door for them and gestured toward the interior. Thus, it is manifest that they did not commit a ''breaking'' essential to invoke the announcement provisions of section 1531.

The recent case of *People v. Hamilton,* 71 Cal.2d 176 [77 Cal.Rptr. 785, 454 P.2d 681], is distinguishable. In that case, as here, the officers knocked on the front door of the residence, and their knock was answered by a small child. However, unlike the instant case, the child did not open the door. She merely told the officers that her mother was at home; then they opened the screen door and followed her down the hallway. Thus, *Hamilton* falls within the rationale of *People v. Rosales,* 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489], wherein the Supreme Court stated: ''Since in the present case the only evidence before the trial court showed that the officers entered by opening a closed, unlocked door, the prosecution did not discharge its burden of establishing the legality of the entry.'' (68 Cal.2d 299, 303.)

---

*A hearing was granted by the Supreme Court on October 23, 1968. The final opinion is reported in 1 Cal. 3d 80 [81 Cal.Rptr. 457, 460 P.2d 129].

■ Appellant's secondary argument that the search of his person was unlawful because the search warrant was not directed against him is simply not supported by the record. On the contrary, when the "totality of the circumstances" is considered, it is manifest that the officers had reasonable or probable cause to arrest appellant on belief that he was committing a felony and to search him as an incident to the arrest (*United States* v. *Rabinowitz*, 339 U.S. 56 [94 L.Ed. 653, 70 S.Ct. 430]; *People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Webb*, 66 Cal.2d 107 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Upton*, 257 Cal. App.2d 677 [65 Cal.Rptr. 103]). As Agent Walley entered the Bracamonte home to search it for narcotics, he saw appellant standing in the living room and recognized him as a suspected dealer in narcotics. In fact, the officer had been told by informants that appellant was a narcotics dealer in the Fresno area, and he had observed appellant in the company of two narcotics suppliers on several occasions. ■ It is settled that a person's presence in a place suspected of narcotics activity may be taken into account in assessing probable cause for an arrest (*People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]). Moreover, past dealings in narcotics is also a factor to be considered (*People* v. *Morales*, 259 Cal.App.2d 290 [66 Cal.Rptr. 234]; *People* v. *Machel*, 234 Cal.App.2d 37 [44 Cal.Rptr. 126]). ■ Then, to add to the highly suspicious circumstances, appellant not only attempted to hide something behind his leg in a clenched fist, but when the officer inquired as to what he was hiding, appellant moved the clenched fist rapidly toward his mouth. Swallowing narcotics is a popular method of avoiding detection, and movements of the hand toward the mouth have consistently been held to be the type of furtive movement that may be assessed in the probable cause equation (*People* v. *Cruz*, 61 Cal.2d 861 [40 Cal.Rptr. 841, 395 P.2d 889]).

■ During the trial Agent Walley testified that balloons are normally used by heroin addicts to carry heroin. Appellant argues that this testimony was erroneously admitted, first because no proper foundation was laid for the officer's opinion and, second, because his opinion was based upon hearsay.

Appellant's argument cannot be raised for the first time on appeal. His trial counsel did not challenge Agent Walley's expertise nor did he make a hearsay objection. Counsel merely interposed a general objection, and hence the specific objections which appellant now asserts were waived (Evid. Code,

§ 353, subd. (a); Pen. Code, § 1259; *Rupp* v. *Summerfield,* 161 Cal.App.2d 657 [326 P.2d 912]; Witkin, Cal. Evidence (2d ed. 1966) §§ 1291 and 1293, pp. 1195-1196). In short, while Evidence Code sections 720, subdivision (a), and 802 provide that the person testifying as an expert must be qualified by special knowledge, skill and experience, these foundational requirements need not be established in the absence of a *specific* objection or unless the court, in its discretion, requires it. Likewise, hearsay evidence is competent and relevant in the absence of a specific hearsay objection (*Powers* v. *Board of Public Works,* 216 Cal. 546 [15 P.2d 156]).

In any event, there was ample basis for the court to admit Agent Walley's opinion even if appellant had interposed a proper objection. Walley testified that he served as an agent for the State Bureau of Narcotic Enforcement for four and one-half years and had seen balloons containing heroin many times before. Moreover, it is common knowledge in police work that balloons or contraceptives are often used to carry narcotics because they can be swallowed to avoid detection (see *People* v. *Dabney,* 250 Cal.App.2d 933 [59 Cal.Rptr. 243]; *People* v. *Acosta,* 213 Cal.App.2d 706 [29 Cal.Rptr. 241]). In fact, Walley's opinion was corroborated by appellant's testimony that he knew that heroin was often carried in balloons.

Agent Walley also testified that a green leafy substance, which he believed to be marijuana, was found in the Bracamonte house immediately after appellant's arrest. Appellant argues that this testimony was improperly admitted by the trial court because it was not relevant to any issue presented in the case. However, his trial counsel merely objected on the ground that the agent was not qualified to testify that the leafy substance was marijuana, and the objection to this part of the officer's answer was sustained. Thus, the general objection which appellant presently asserts was waived. Moreover, appellant stated that he saw the balloon on the dresser in Bracamonte's bedroom and that he picked it up without knowing what was in it. Walley's testimony was therefore relevant to contradict appellant, because the presence of marijuana in the home tended to establish appellant's unlawful purpose for being there (*People* v. *Jones,* 42 Cal.2d 219 [266 P.2d 38]). Finally, appellant testified that he was in the home to purchase marijuana and, hence, if error occurred, it was not prejudicial under article VI, section 13 of the

California Constitution (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]).

■ Appellant's last contention for reversal of the judgment is that the trial court improperly refused to allow Mary Bracamonte to testify that her husband, John Bracamonte, told her that the heroin contained in the pink balloon found in appellant's possession belonged to him. He argues that Bracamonte's extrajudicial statement was against penal interest and was therefore admissible as an exception to the hearsay rule (Evid. Code, § 1230).

Appellant's trial counsel, in essence, asked Mrs. Bracamonte if she knew from what her husband had related to her who owned the heroin found in the balloon. Thus, the question not only called for hearsay testimony but, as phrased, also called for the conclusion of the witness. Moreover, after the court sustained the objection, appellant's trial counsel failed to inform the court that he was offering the witness's testimony as an exception to the hearsay rule. Under Evidence Code sections 403 and 405, if a hearsay objection is properly made, the burden shifts to the party offering the hearsay to lay a proper foundation for its admissibility under an exception to the hearsay rule. In addition, appellant's trial counsel failed to make an offer of proof (*Marshall* v. *Hancock,* 80 Cal. 82 [22 P. 61]; Evid. Code, § 354, subd. (a)). Consequently, we have no way of knowing what the witness would have stated had she been permitted to answer. Finally, there is no indication that Bracamonte's alleged incriminating statement was made in the presence of anyone other than his wife. Arguably, if the alleged statement was made only to Mrs. Bracamonte, it was not a declaration against penal interest because a wife cannot be compelled to testify against her husband.

The judgment is affirmed.

Stone, Acting P. J., concurred.