[No. D007062. Fourth Dist., Div. One. Apr. 10, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
EVAN JEROME RUSHING, Defendant and Appellant.

**COUNSEL**

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Lilia E. Garcia, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TODD, J.**—Evan Jerome Rushing appeals his conviction for possession of cocaine, contending there was insufficient evidence on which a reasonable jury could base its verdict. We disagree and accordingly affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

San Diego Sheriff's deputies arrested Rushing in March 1987 during their search of a two-bedroom apartment in Spring Valley pursuant to a valid search warrant. Four persons, including Rushing, were in the apartment at the time of the search.[1]

The officers found 15.8 grams of rock cocaine hidden in the false bottom of a WD-40 can located on a stereo speaker next to the bed in the northeast bedroom of the apartment. Also found in this bedroom, in the top drawer of a desk, were court documents with Rushing's name and signature on them.

At the time of the search, Rushing was sleeping in the southwest bedroom. The officers found another court document containing Rushing's name and signature in this room on top of a dresser together with three sheets of paper folded together. The officers present believed these papers were a ledger for recording narcotics sales. Their opinion was based on the columns of names and numbers, interpreted to be measurements and dollar amounts, contained on one of the sheets. The name "Evan" appeared on this ledger with an entry next to it corresponding to the amount of cocaine found in the WD-40 can. The officers seized these documents as evidence of Rushing's dominion and control of the cocaine discovered in the northeast bedroom.

A two-count information was filed against Rushing, charging him with possession of cocaine for sale (Health & Saf. Code, § 11351) and possession of cocaine (Health & Saf. Code, § 11350, subd. (a)).

---

[1] It was never determined in whose name the apartment was rented. Rushing's mother testified he was living with her and his personal belongings were at the family residence during the period of time involved. However, she also testified Rushing spent the night with friends on a fairly regular basis.

At trial, Deputy Sheriff Alfred Guerin testified regarding the search and subsequent seizure of the cocaine, the court documents and the narcotics ledger. Based on his experience and training as a narcotics officer, Deputy Guerin testified that in his opinion the sheets of paper represented a narcotics transaction ledger. He also said several other documents containing the names of other persons, some of whom were present in the apartment and arrested along with Rushing, were also seized at the time of the search.

The jury found Rushing not guilty of possessing cocaine for sale, but found him guilty of possessing cocaine.

## DISCUSSION

■ Rushing contends the prosecution did not present evidence sufficient to support the verdict. ■ When appeal of a criminal conviction is based on insufficient evidence, the standard of review is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 573, 99 S.Ct. 2781], italics in original; see also *People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 576-578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

On review, the evidence must be substantial enough to support the finding of each essential element of the crime. Substantial evidence is that which is reasonable, credible and of solid value. (*People* v. *Barnes, supra,* 42 Cal.3d 284, 303; *People* v. *Johnson, supra,* 26 Cal.3d 557, 576.) The inquiry into the substantiality of the evidence is based on a review of the entire record. (*People* v. *Barnes, supra,* 42 Cal.3d at p. 303; *People* v. *Johnson, supra,* 26 Cal.3d at pp. 562, 577.) The trier of fact is responsible for weighing the evidence presented, resolving conflicts in the testimony and drawing reasonable inferences from the facts before it. (*Jackson* v. *Virginia, supra,* 443 U.S. 307, 319 [61 L.Ed.2d 560, 573].) If the findings are reasonable and supported by the evidence, reversal is not warranted because a contrary finding might also be reasonable. (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

■ The essential elements of the offense of unlawful possession of a controlled substance are actual or constructive possession in an amount sufficient to be used as a controlled substance with knowledge of its presence and its nature as a controlled substance. The elements may be proven by circumstantial evidence. (*People* v. *Camp* (1980) 104 Cal.App.3d 244,

247-248 [163 Cal.Rptr. 510]; *People* v. *Rice* (1976) 59 Cal.App.3d 998, 1002-1003 [131 Cal.Rptr. 330].)

Actual or constructive possession is the right to exercise dominion and control over the contraband or the right to exercise dominion and control over the place where it is found. (*People* v. *Rice, supra,* 59 Cal.App.3d 998, 1002.) Exclusive possession is not necessary. A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband was located is shared with others. (*Id.* at pp. 1002-1003; *People* v. *Tolliver* (1975) 53 Cal.App.3d 1036, 1046 [125 Cal.Rptr. 905].)

■ Here, the court documents containing Rushing's name and signature are circumstantial evidence of his right to exercise dominion and control over the premises. One of these court documents was found inside a desk drawer in the same bedroom where the cocaine was found. The fact Rushing had access to private areas of the apartment and left important personal papers in these locations is sufficient evidence for the jury to reasonably infer that Rushing had the right to exercise dominion and control over the apartment where the cocaine was found.

Additionally, the other court document with Rushing's name and signature found on the dresser in the room where he was sleeping is further evidence Rushing had the right to exercise dominion and control over the apartment where the cocaine was found. He had access to the bedrooms of the apartment and to areas within these rooms generally considered to be the domain of persons with possessory rights.

Further, the sheets of paper found on the dresser in the room where Rushing slept were sufficient evidence from which the jury could infer that Rushing knew of the presence of the cocaine and knew of its nature as a controlled substance. Based on Deputy Guerin's testimony, the jury could reasonably find these sheets of paper were indeed a narcotics ledger. The fact Rushing's name was contained on this ledger, next to an amount corresponding to the amount of cocaine discovered in the apartment, was further evidence of his knowledge regarding the presence of the cocaine and his right to exercise dominion and control over it.[2]

Based on Rushing's dominion and control, the jury could reasonably infer he had constructive possession of the cocaine. Substantial evidence supports the jury's verdict.

---

[2] The fact the cocaine was hidden in a WD-40 can with a false bottom is also evidence from which the jury could reasonably infer Rushing knew of the controlled nature of the cocaine.

## DISPOSITION

Judgment affirmed.

Work, Acting P. J., and Huffman, J., concurred.