Filed 5/21/13  In re Isidro L. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re ISIDRO L., a Person Coming Under the Juvenile Court Law. | B240450 |
| | (Los Angeles County Super. Ct. No. JJ19429) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| ISIDRO L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donna Quigley Groman, Judge.  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Minor and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Alene M. Games, Deputy Attorney General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Isidro L. appeals from the judgment entered following the juvenile court's finding he was a minor in possession of a firearm and ordering him home on probation (Welf. & Inst. Code, § 602; Pen. Code, § 29610). Appellant contends the evidence was insufficient to establish that he possessed a firearm. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. The People's Evidence

Los Angeles Police Department Officer Abel Estopin testified that on January 26, 2012, at approximately 3:50 p.m., he and his partner, Officer Padilla, responded to a report of a gang fight at 82nd Street and Broadway in Los Angeles. Upon arrival at the scene, Officer Estopin observed 15 to 20 young men fighting in the middle of the street "just east of his location, at Grand and 83rd." He saw appellant with the group, but did not see appellant fighting or throwing any punches. When the men saw the patrol vehicle approaching, they began to disperse. Officer Estopin stated, "Half of the group went to the south side of the street and the other half went to the north side of the street." Appellant was at the tail end of the group of eight to ten men who walked toward the north sidewalk.

From a distance of 20 to 30 feet, Officer Estopin observed appellant walk from the middle of the street toward the sidewalk, holding an object that looked like the handle of a gun. He stated, "I could see him gripping something in his waistband. Looks to me like he what [sic] is holding a grip of a gun." He continued, "It was to his right side almost and it appeared to be the shirt was covering. I could not tell if it was a gun or not."

As appellant walked onto the sidewalk, he crouched down quickly behind a large pile of trash that was "parked" along the curb next to the sidewalk. At that point, Officer Estopin could only see the top of appellant's shoulders and head. Officer Estopin testified that he was 10 to 15 feet away when he heard a "metallic clanking noise" coming from the location where appellant had knelt. Appellant then stood back up and

2

continued to walk westbound along the sidewalk behind the rest of the group. While the other men ahead of appellant had walked past same the trash pile, Officer Estopin did not see any of them crouch down; he did not hear any other object drop to the ground.

Officers Estopin and Padilla next ordered the men on both sides of the street to stop, face the wall, and place their hands behinds their backs. Officer Estopin testified that after backup units arrived, he walked to where he had heard the clanking noise and recovered a .25-caliber semiautomatic handgun from the ground. The gun contained no magazine, but there was a live round in the chamber. Officer Estopin also recovered a "small souvenir type baseball bat," around 18 inches long, from the same area where the gun was recovered.

## 2. The Defense Evidence

Appellant did not testify in his own behalf. The defense presented a fingerprint expert who testified that based on his visual inspection and application of fingerprint powder, there were no identifiable fingerprints on the gun.

Warren Galdanz also testified as a witness. Galdanz rented a room in appellant's mother's house, and had known appellant for one year. He testified that on January 26, 2012, he was driving home from the store when he saw about 12 young men fighting on the sidewalk. He saw appellant with the group, but did not see appellant fighting with anyone. According to him, appellant was "just standing there" with one or two other men.

Galdanz watched the fight for 10 to 15 minutes until the police arrived. He never saw appellant place his hand on his waistband or crouch down behind a pile of trash. At no point did he see appellant with a gun in his waistband. When the police ordered the men to stop, Galdanz left.

## 3. Procedural History

On January 30, 2012, the Los Angeles County District Attorney filed a two-count petition under Welfare and Institutions Code section 602 charging appellant with

possession of a concealable firearm (Pen. Code[1] § 29610, count 1), and possession of a "billy, blackjack, etc." (§ 22210, count 2). Appellant denied the allegations.

Prior to trial, the juvenile court heard and granted appellant's *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531; Evid. Code, §§ 1043-1045) seeking disclosure of the personnel records of Officers Estopin and Padilla. The court conducted an in camera hearing and ordered documents disclosed to the defense.

At the conclusion of the hearing on March 13, 2012, the juvenile court found true the allegation that appellant was in possession of a firearm as a minor and sustained the petition as to count 1. On the People's motion, count 2 was dismissed.

At the disposition hearing on April 11, 2012, the juvenile court adjudicated appellant a ward of the court, declared the offense to be a felony, and ordered him home on probation. Appellant received 22 days of predisposition credit.

## DISCUSSION

Appellant contends there is insufficient evidence to support the possession of a firearm by a minor allegation. Specifically, he argues there was no evidence he was in constructive possession of the weapon.

### I. Standard of Review

A juvenile appeal is subject to the same standards that govern review of adult criminal convictions. (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1328; *In re Roderick P.* (1972) 7 Cal.3d 801, 809.) "[T]he reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

"The standard of appellate review is the same in cases in which the People rely primarily on circumstantial evidence. [Citation.] Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible to two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. '"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant the reversal of the judgment."' [Citations.] 'Circumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt.' [Citation.]" (*People v. Bean* (1988) 46 Cal.3d 919, 932-933.)

**II. Substantial Evidence Supports the Finding Appellant Possessed a Firearm**

Section 29610 provides: "A minor shall not possess a pistol, revolver, or other firearm capable of being concealed upon the person." "Possession may be actual or constructive. Actual possession means the object is in the defendant's immediate possession or control. A defendant has actual possession when he himself has the weapon. Constructive possession means the object is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831; see also *People v. Pena* (1999) 74 Cal.App.4th 1078, 1083-1084 [An individual has constructive possession "when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others."].) Possession can be shown by circumstantial evidence and may be inferred from the defendant's conduct. (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622-623.)

Appellant maintains that his mere proximity to the weapon was not sufficient to establish constructive possession; the prosecution must prove he knowingly exercised dominion and control over the weapon. In support of his position, appellant cites *People v. Sifuentes* (2011) 195 Cal.App.4th 1410. *Sifuentes* involved a "gang gun," which was

5

found under a mattress in a motel room occupied by two defendants and two females. (*Id.* at pp. 1413-1414.) The court reversed one defendant's conviction for possession of a firearm by a felon (and the attendant gang enhancement), concluding there was no substantial evidence the defendant had control of the gun in light of the fact that the expert did not testify that any gun possessed by a gang member was a gang gun, that the subject gun was a gang gun or that all gang members always had the right to control a gang gun. (*Id.* at pp. 1417-1420.) Instead, the expert only testified that a gang gun was accessible to gang members at most times. (*Id.* at p. 1417.)

*Sifuentes* is inapposite, as evidence here established more than the mere presence of a gun. Unlike in *Sifuentes*, there was substantial circumstantial evidence from which the trier of fact could infer that appellant had possession of the handgun, and that he exercised dominion and control over it. Officer Estopin testified that when he arrived on the scene, he saw appellant holding an object that looked like the handle of a gun. Moments later, he observed appellant crouch down behind a large pile of trash and "simultaneously" heard a metallic clanking noise coming from this location. He stated that it "sounded like a metal object hitting concrete." Officer Estopin later discovered the handgun in the same place where he had seen appellant kneel down. He did not see any of the other men crouch down behind the trash pile, nor did he hear any other object drop to the ground.

This testimony was sufficient to establish possession. (See *People v. Mayberry* (1975) 15 Cal.3d 143, 150 [The testimony of one witness is sufficient to constitute substantial evidence, unless it is physically impossible or inherently improbable].) The officer's testimony as to what he saw, heard, and retrieved was neither physically impossible nor inherently improbable.

Appellant cites to other evidence raising doubts concerning dominion and control—particularly Galdanz's testimony that he never saw appellant holding a gun, or crouching down behind a pile of trash. The juvenile court, sitting as the trier of fact, could reasonably reject Galdanz's testimony contradicting the officer's testimony regarding appellant's movements. Where, as here, the factual determination made by the

6

trier of fact is supported by substantial evidence, we must accord due deference to that determination and may not substitute our own evaluation of the witnesses' credibility. (*People v. Barnes* (1986) 42 Cal.3d 284, 303-304.)  Substantial evidence supports the conviction.

## DISPOSITION

The juvenile court's order is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.

7