Filed 1/9/15  P. v. Mosley CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B255804 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA103165) |
| v. | |
| ALVIN DEVON MOSLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge.  Affirmed.

Gusdorff Law and Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant Alvin Devon Mosley of one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)),[1] and acquitted him of one count of criminal threats (§ 422, subd. (a)).  The trial court sentenced him to a term of two years in state prison.  He appeals from the judgment of conviction.

## BACKGROUND[2]

*Prosecution*

In the morning of September 15, 2013, defendant's wife, Myrna Doe, who had filed for divorce, received a phone call from defendant allegedly threatening to kill her.[3]  She called the La Verne Police Department.  When an officer arrived, she told him about the threat, and he left to get an emergency restraining order.  Meanwhile, defendant called,  allegedly threatened her again, and sent her a text message, "the walking dead."  She went to the La Verne police station, reported the threats, and showed La Verne Police Officer David Chavira the text message.

Later than morning, based on this information, an arrest warrant was issued for defendant.  La Verne Police Officer Michael Scranton, along with Officer Chavira and several other officers, went to defendant's apartment to execute the warrant.  The officers surrounded the apartment.  One or more knocked on the door and asked defendant to come out.  After about 10 minutes, defendant responded, saying that he was coming out and that all of this was about a fight with his wife.  Officers opened the door (it was unlocked), and defendant was standing at the

---

[1]  All section references are to the Penal Code.

[2]  Our summary of the evidence is limited to the evidence relevant to the charge of which defendant was convicted.

[3]  Myrna Doe was unavailable at trial, and her preliminary hearing testimony was read into the record.

2

doorway. As the officers remained outside, Officer Dennis Cooper pointed out to Officer Scranton that to the immediate left of the door was a brown leather gun case, behind a couch and against the wall. From experience, Officer Scranton could tell that the case held a long rifle. Officer Cooper grabbed the rifle in the case and set it on the couch to render it safe. The officers performed a sweep of the apartment. No one else was present. The officers photographed the gun in its case, later removed it from the case, determined it was an operable 12-gauge shotgun, and booked it into evidence.

After his arrest, defendant was advised of his rights, waived them, and spoke to Officer Chavira. Defendant said, among other things, that the shotgun belonged to his father and had been at his apartment behind the couch since 2005.

The parties stipulated that defendant had previously been convicted of a felony.

*Defense*

Defendant testified that he was in the shower when he heard a bang on the wall of the apartment. He looked outside and saw an officer pointing a gun toward the window. After observing other officers outside with weapons drawn, he heard one officer yell to come out or he would send in the dog. Defendant willingly went outside to talk to the officers, and they did not enter the house while he was still inside.

According to defendant, his front door was locked. Also, the shotgun in the case was underneath some pillows and not visible from the front door. The gun had been left to him by his father. Defendant lived in the apartment alone.

**DISCUSSION**

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. We advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. He filed a supplemental brief raising the following contentions.

First, he contends that the prosecution failed to prove the criminal intent required for a violation of section 29800, subdivision (a)(1). However, that crime requires no mental state other than that defendant knew of the presence of the firearm, and was in possession of it. Based on the undisputed evidence, defendant knew the shotgun was present in his apartment – he had received it from his father. He also had constructive possession of it at the time of his arrest. The shotgun was found in proximity to the front door of defendant's apartment, and he was the only resident. Constructive possession is "the right to exercise dominion and control over the [firearm] or the right to exercise dominion and control over the place where it is found. [Citation.]" (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622.) Constructive possession may be "imputed when the [firearm] is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. [Citation.]" (*People v. Newman* (1971) 5 Cal.3d 48, 52, disapproved on another ground in *People v. Daniels* (1975) 14 Cal.3d 857, 862.) Thus, the mental state required for a violation of section 29800, subdivision (a)(1) was established.

Second, defendant contends that the shotgun was illegally seized without a warrant, that it was "fruit of the poisonous tree," and he asks that we review certain preliminary hearing testimony by Officer Justin Lew, who was present when

4

defendant was arrested, as relevant to the seizure of the shotgun. However, because defendant failed to make a motion to suppress the firearm in the trial court, he cannot challenge the search on appeal. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

Finally, defendant contends that his trial attorney was ineffective for failing to challenge certain unspecified portions of the police reports, failing to interview unnamed witnesses as to the officers' conduct, and failing to asked unspecified questions of the officers at trial. All of these alleged failures rest on matters outside the record on appeal. Thus, they cannot be resolved on appeal, and must be raised, if at all, in a petition for writ of habeas corpus. (*Mendez Tello, supra,* 15 Cal.4th at pp. 266-267.)

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

6