Filed 4/24/23  P. v. Reeves CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096151 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21F6614, 21F7379) |
| v. | |
| JEREMY GILBERT REEVES, | |
| Defendant and Appellant. | |

A jury found defendant Jeremy Gilbert Reeves guilty of receiving stolen property (the receiving stolen property case).  Defendant also pled no contest to burglary and receiving stolen property in another case (the uncontested case).  The cases were consolidated for sentencing, and the trial court sentenced defendant to 10 years eight months.  Defendant appeals the jury verdict in the receiving stolen property case, arguing there was insufficient evidence to support the conviction.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2021, Ethan S., a firefighter for the California Department of Forestry and Fire Protection (Department), discovered some of his firefighting gear had been removed from his vehicle overnight. Missing from the car were Ethan's firefighting jackets, "turnouts," helmets, headlamp, pack, and mask, along with a pair of tennis shoes and his mother's sunglasses.

Defendant lived in a mobile home with his father and shared his room with his girlfriend. Defendant's girlfriend lived in the home without defendant's father's permission. According to defendant's father, defendant spent 95 percent of his time in his room and frequently kept his doors locked. Defendant's room has two doors—one leading to the inside of the home and one leading to the outside of the home. Defendant's father had a key to enter defendant's room from the outside of the home.

Shasta County Sheriff's Deputy Jordan Setnor searched the Reeves home on June 27, 2021. Defendant's father let Deputy Setnor into defendant's room, which Deputy Setnor reflected was "pretty messy," and he noted there were "[l]ots of different personal items on the floor, [and] on the bed." Deputy Setnor opened defendant's closet and discovered a large, red duffel bag. This red duffel bag was approximately six feet in length, was zipped shut, and "was packed very full." Upon opening the duffel bag, Deputy Setnor was able to identify the items as firefighting gear because there were "Cal Fire" logos on the helmets and shirts. Deputy Setnor then called Officer Matt Alexander, an arson investigator with the Department, to the Reeves home. Officer Alexander noted that a piece of the equipment had a serial number that ultimately identified Ethan as the rightful owner. Although defendant was not asked, he did not provide an explanation as to why this duffel bag was in his closet.

Defendant was convicted of receiving stolen property, which is the conviction at issue here. He later pled no contest to burglary and receiving stolen property in the uncontested case. Defendant does not contest the outcome of that case. The cases were

2

consolidated for sentencing purposes. In the uncontested case, the court sentenced defendant to four years for the burglary conviction, doubled under the Three Strikes law, for a principal term of eight years, plus a consecutive eight months for the receiving stolen property conviction, doubled to a term of one year four months. As for the receiving stolen property case contested in this appeal, the court sentenced defendant to a consecutive eight months, doubled to a term of one year four months. In total, defendant was sentenced to 10 years eight months.

Defendant appeals.

DISCUSSION

Defendant argues the evidence was insufficient to support his conviction for receiving stolen property because there was no proof defendant had conscious possession of the stolen property. We disagree.

When reviewing a challenge to the sufficiency of the evidence, the relevant question is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Edwards* (2013) 57 Cal.4th 658, 715, quoting *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) We look to see whether the record contains substantial evidence, which is evidence that is reasonable, credible, and of solid value. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) "We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*Ibid*.)

"A conviction for receiving stolen property cannot withstand appellate scrutiny unless substantial evidence was presented to the trier of fact that (1) the property was received, concealed or withheld by the accused; (2) such property had been obtained by theft or extortion; and (3) the accused knew that the property had been so obtained."

3

(*People v. Kunkin* (1973) 9 Cal.3d 245, 249.) Defendant contests the sufficiency of the evidence as to the first element, possession, and the third element, knowledge.

Possession of stolen property may be "actual or constructive and need not be exclusive." (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728.) Actual or constructive possession is found where a defendant maintains the right to exercise dominion and control over the property or the place where it is found. (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622.) The stolen property was found in defendant's closet inside his room. Defendant's father testified that the door leading to defendant's room from the outside of the home was locked "half the time," and the door leading to defendant's room from the inside of the home was "pretty much locked all the time." This, coupled with the fact that defendant spent 95 percent of his time in his room, shows that defendant had dominion and control over his room and the property within it.

Defendant's possession of the property is not negated by others having access to his room, contrary to defendant's contention. Possession may be inferred when the property is found in a place subject to the defendant's dominion and control or the joint dominion and control of the defendant and another. (*People v. Rushing*, *supra*, 209 Cal.App.3d at p. 622 [the defendant had the right to exercise dominion and control over an apartment shared with others where he had access to private areas of the apartment and left important personal papers in those locations].) Not only was the stolen firefighting gear found in a private area defendant had access to, but that area was defendant's very own bedroom. Defendant's father had a key to the outside door, but there is no evidence he exercised dominion and control over defendant's room. Indeed, defendant's girlfriend was living in defendant's room without defendant's father's permission. As was the case in *Rushing*, defendant had the right to exercise dominion and control over the area where the stolen property was found, even though that location was shared. (*Id.* at p. 622.)

4

" '[P]ossession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his [her or their] guilt.' " (*People v. Grimes* (2016) 1 Cal.5th 698, 731, quoting *People v. McFarland* (1962) 58 Cal.2d 748, 754.) Such corroboration exists here. Deputy Setnor testified defendant's room was very messy, with personal items strewn about; however, the stolen property was stuffed into a duffel bag, zipped shut, and kept behind a closed closet door. The six-foot-long, red duffel bag would have been out of place in defendant's room; at the very least, defendant would have known the bag did not belong to him. The fact that the stolen property was held differently than the rest of the property inside defendant's room, being tucked away rather than lying on the floor, tends to show that the stolen property was being concealed. Concealing the firefighting gear is a sufficiently suspicious circumstance that, in addition to possessing the stolen property, allows the inference that defendant knew the property was stolen. (See *People v. Estrada* (1965) 234 Cal.App.2d 136, 157 [the fact that the weapons had been concealed was a suspicious circumstance supporting the inference of knowledge that the property had been stolen].)

Defendant disagrees and contends there was no evidence showing he consciously possessed the property. To support this argument, defendant points to the lack of explanation for how the property came to be in his closet and the short timeframe between the theft of the property and the discovery of the same in defendant's closet. We do not find these arguments persuasive.

Possession of stolen property, accompanied by no explanation or an unsatisfactory explanation or by suspicious circumstances, will justify an inference that the goods were received with knowledge that they had been stolen. (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1575.) The fact that there was no evidence explaining how the property got into defendant's closet does not prove defendant did not consciously possess the property, as defendant argues. This lack of evidence tends to prove the opposite, that

5

defendant possessed the property and knew it was stolen. (*Ibid.*) Further, this inference is generally proper where a defendant is found in possession of the property soon after it was stolen. (*People v. Anderson* (1989) 210 Cal.App.3d 414, 421.) The stolen firefighting gear was found in defendant's closet two days after it was stolen from Ethan. This short timeframe, contrary to defendant's position, supports the inference that defendant knew the property was stolen.

Accordingly, sufficient evidence supports defendant's conviction for receiving stolen property.

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
RENNER, J.

/s/
KRAUSE, J.