Filed 6/2/25  In re D.E. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| In re D.E., a Person Coming Under the Juvenile Court Law. | 2d. Juv. No. B337199 (Super. Ct. No. FJ57993) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>D.E.,<br><br>    Defendant and Appellant. | |

D.E. appeals the juvenile court's order sustaining a wardship petition alleging possession of a handgun by a minor and placing him on probation.  (Welf. & Inst. Code,[1] § 602; Pen. Code, § 29610, subd. (a).)  He contends insufficient evidence

---

[1] Statutory references are to the Welfare and Institutions Code, unless otherwise stated.

supports the petition and the court erroneously included a maximum term of confinement. We strike the maximum term of confinement but otherwise affirm.[2]

FACTUAL AND PROCEDURAL HISTORY

In August 2022, Officers Giron and Gutierrez from the South Pasadena Police Department pulled over a car for speeding and failing to signal when turning. Seventeen-year-old D.E. was the driver and only occupant in the car. Officer Giron approached D.E. and asked him for his driver's license. D.E. did not produce a license. At Officer Giron's request, D.E. exited the car. Officer Giron conducted a patdown search of D.E.'s person and found a marker. D.E. told Officer Giron that he had clothes in the car and gave him permission to search the car.

Officer Giron searched the inside of the car and located a loaded .38 Special revolver inside an unzipped purse located behind the front passenger seat. The purse was "within arm's reach" of the driver. The stock or handle of the firearm faced the driver's seat and the barrel pointed away. There were no objects obstructing access to the firearm from the driver's seat.

Near the purse in the rear passenger side area of the car were "feminine items" including perfume and a woman's bra. Inside the car was a pouch with used makeup items. In the trunk of the car was men's clothing. Officer Gutierrez also searched in the center console of the car and found live rounds of ammunition, including .38 Special rounds, and several markers. The center console lid was closed and the contents were not visible to the "naked eye."

---

[2] We grant appellant's unopposed motion to augment filed April 17, 2025.

There were no fingerprints linking D.E. to the firearm or ammunition.  Nor was there evidence the car was registered to D.E.

The District Attorney filed a juvenile wardship petition against D.E. alleging he was a minor in possession of a handgun (Pen. Code, § 29610, subd. (a); count 1) and live ammunition (Pen. Code, §29650; count 2).  The juvenile court heard testimony from Officers Giron and Gutierrez, and reviewed their body camera footage.  The court sustained the section 602 petition only as to count 1, finding that the "gun was in view of" D.E. because it was a small car and one would see it "if one looked over their shoulder even to turn around to drive carefully."  It declared count 1 a misdemeanor, declared D.E. a ward of the court, and placed him on home probation.  It also set a maximum term of confinement of six months.

## DISCUSSION

### Sufficiency of the evidence

D.E. contends he was denied due process of law under the federal and California constitutions because insufficient evidence supports the juvenile court's finding that he possessed a handgun.  We are not persuaded.

Our review is limited to reviewing the entire record in the light most favorable to the judgment and determining whether substantial evidence supports it.  (*In re M.V.* (2014) 225 Cal.App.4th 1495, 1518.)  To be substantial, evidence must be reasonable, credible, and of solid value from which a reasonable trier of fact could find guilt beyond a reasonable doubt.  (*In re Jerry M.* (1997) 59 Cal.App.4th 289, 298.)  We do not reweigh credibility nor resolve evidentiary conflicts (*People v. Maury* (2003) 30 Cal.4th 342, 403), and we accept logical inferences from

3

circumstantial evidence.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  A reasonable inference must be based on evidence rather than speculation.  (*People v. Davis* (2013) 57 Cal.4th 353, 360.)

Penal Code section 29610, subdivision (a), prohibits a minor from possessing a firearm.  Possession may be actual or constructive.  (*In re Charles G.* (2017) 14 Cal.App.5th 945, 951 (*Charles G.*).)  An individual "has actual possession when the weapon is in [their] immediate possession or control," i.e., when they are holding or touching it.  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052 (*Blakely*).)  " 'To establish constructive possession, the prosecution must prove a [person] knowingly exercised a right to control the prohibited item, either directly or through another person.' "  (*People v. Bay* (2019) 40 Cal.App.5th 126, 132 (*Bay*).)

The accused "does not avoid conviction if [their] right to exercise dominion and control over the place where the contraband was located is shared with others."  (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622.)  While possession may be shared with others, mere proximity or opportunity to access a firearm is not sufficient to infer possession.  (*Bay*, *supra*, 40 Cal.App.5th at p. 132.)  "Nor is knowledge of a gun's presence." (*In re I.A.* (2020) 48 Cal.App.5th 767, 779 (*I.A.*).)

In *Charles G.*, our colleagues in the First District noted that "possession is far broader than carrying" and need not be carried on an accused's person.  (*Charles G.*, *supra*, 14 Cal.App.5th at p. 951.)  Possession may encompass having the firearm in a location under one's control.  (*Ibid.*)  Possession is also committed when the accused " 'in any way' " has a firearm within their control; they need not be armed with it or have it

4

readily available to deploy. (*Blakely, supra,* 225 Cal.App.4th at p. 1052.)

The issue here is whether substantial evidence supports the juvenile court's finding that D.E. constructively possessed the firearm.

We conclude it does. D.E. was the driver and only occupant in the car, supporting the "inference that he had the right to exercise . . . control" over the vehicle. (*People v. Valerio* (1970) 13 Cal.App.3d 912, 923.) The stock of the handgun was also in open view, unobstructed, and within D.E.'s reach. Unlike the ammunition located inside the closed center console, which was not visible to the "naked eye," the handgun was in plain view. The juvenile court found that any driver, including D.E., would have seen the handgun because the car was small and one would see it "if one looked over their shoulder even to turn around to drive carefully." D.E. also told Officer Giron that there were clothes inside the trunk of the car, supporting the inference that he knew what was inside the car. Based on this evidence, it was reasonable for the court to conclude that D.E. had knowledge of the handgun. (See *People v. Gant* (1968) 264 Cal.App.2d 420, 424-425 [car occupant's knowledge inferred from proximity to firearm].) Substantial evidence supports the finding that D.E. constructively possessed the handgun.

Because there were no fingerprints tying D.E. to the handgun nor evidence showing that D.E. owned the car, D.E. contends that one could infer that the handgun belonged to the owner of the car or the owner of the purse in which the handgun was located. But that does not compel a contrary result. D.E. had constructive possession of the firearm even though "his right to exercise dominion and control over the place where the

5

contraband was located is shared with others." (*People v. Rushing*, *supra*, 209 Cal.App.3d at p. 622.)  And possession of a weapon "for even a limited time and purpose" may support a finding of guilt beyond a reasonable doubt.  (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.)  The weighing of evidence and resolution of evidentiary conflicts falls within the exclusive province of the trier of fact.  (*In re M.S.* (2019) 32 Cal.App.5th 1177, 1185.)  "[R]eversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

D.E.'s reliance on *I.A.*, *supra*, 48 Cal.App.5th 767 is not persuasive.  There, we reversed a conviction for possessing a concealable firearm because there was insufficient evidence the juvenile "exercised dominion and control over the gun" that was used to commit a murder.  (*Id.* at p. 779.)  But unlike *I.A.*, D.E. was the sole occupant inside the car where the handgun was visible and it was within his reach.  Substantial evidence supports the charge here.

*Maximum term of confinement*

D.E. contends, and the Attorney General concedes, the juvenile court erred when it set a maximum term of confinement. We agree.  Because D.E. was placed on probation, setting a maximum term of confinement was improper because the juvenile court did not remove D.E. from his parent's physical custody.  (§ 726, subd. (d)(1); *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.)

"[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term."  (*In re*

6

*A.C.* (2014) 224 Cal.App.4th 590, 592.)  Accordingly, we direct the juvenile court to strike the reference to a maximum term of confinement.

DISPOSITION

The juvenile court is directed to amend the April 30, 2024, minute order to delete references to a maximum term of confinement.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

Christina L. Hill, Judge

Superior Court County of Los Angeles

_____

Dee A. Hayashi and Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.