Filed 8/21/23  P. v. Hughes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078007 |
| v. | (Super. Ct. No. RIF1904827) |
| ANDRE JEROME HUGHES, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr. Judge. Reversed with directions.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley, Kristen Kinnaird Chenelia, and Namita A. Patel, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Andrew Hughes appeals the trial court's orders revoking his probation and sentencing him to three years in prison. He contends (1) substantial evidence does not support the trial court's finding that he violated his probation, (2) the trial court erroneously admitted hearsay statements at the probation revocation hearing, (3) the trial court erroneously denied his *Marsden*[1] motion at the sentencing hearing, (4) the trial court failed to order and consider an updated probation report before sentencing him, and (5) the matter must be remanded for resentencing under recently enacted legislation. We reverse the judgment and remand for further *Marsden* proceedings and resentencing.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, defendant pled guilty to attempted robbery (Pen. Code, § 211)[2] and he was sentenced to three years formal probation. About a year later, law enforcement executed a search warrant at defendant's girlfriend's apartment around 5:45 a.m. Deputies surrounded the apartment and announced their presence. About 30 to 40 minutes later, defendant and his girlfriend, K.P., exited the apartment.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2] Unless otherwise indicated, all further statutory references are to the Penal Code.

Deputies found eight rounds of ammunition and keys hidden in the toilet bowl and about 136 grams of methamphetamine on the top shelf in the bathroom cabinet. The keys fit a gun lock later found in defendant's back pocket.

Defendant's wallet was found on a mattress in the bedroom. Mail addressed to defendant at his former address was found near or in the same stack of mail addressed to K.P. on a table in the living room. A small, twisted-up bag of methamphetamine was found on another table in the living room.

Defendant's probation officer filed an allegation that defendant had violated his probation. Defendant did not appear at the violation of probation arraignment hearing, so his probation was revoked, and a bench warrant was issued.

At a probation revocation hearing, the trial court found that defendant had violated "term No. 1" of his probation, "violate no law." The trial court then sentenced defendant to three years in prison.

III.

DISCUSSION

A. *Probation Violation*

Defendant contends insufficient evidence supports the trial court's finding that he possessed methamphetamine in violation of his probation. We disagree.

The trial court may revoke probation if a preponderance of the evidence shows that the defendant violated a condition of release. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441-442; § 1203.2, subd. (a).) We review the trial court's decision to revoke for

3

substantial evidence and will not disturb the decision unless the trial court abused its discretion. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Possession may be actual or constructive. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) "Actual possession means the object is in the defendant's immediate possession or control. . . . Constructive possession means the object is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object." (*Ibid.*) Substantial evidence supports the trial court's finding that defendant had at least constructive possession of the methamphetamine found in K.P.'s apartment.

Law enforcement executed the search warrant at 5:45 a.m., which suggests defendant had spent the night at K.P.'s apartment. Defendant's wallet was found on the bed, he had mail in the living room, and his ammunition was found hidden in the bathroom. The fact that his possessions were found throughout the small apartment suggests that he had "dominion and control" over the entire apartment. (See *People v. Rushing* (1989) 209 Cal.App.3d 618, 622.) This, in turn, suggests that defendant had "dominion and control" over the methamphetamine. (See *ibid.*) Given that defendant and K.P. did not exit the apartment for 30 or 40 minutes after law enforcement announced their presence and the contraband was apparently hidden, a reasonable inference is that defendant hid the contraband before leaving the apartment.

As a result, the trial court thus reasonably found that defendant had at least constructive possession of the methamphetamine. Substantial evidence thus supports the trial court's finding that defendant violated his parole by possessing methamphetamine.

B. *Alleged Hearsay Statements*

Defendant argues the trial court erroneously admitted the alleged hearsay statements of Riverside County Sheriff's Department Deputy Scott Anderson. We disagree.

While testifying at the probation revocation hearing, the prosecutor asked Deputy Anderson if his colleague, Deputy Salazar, showed him anything he found during the investigation of K.P's apartment. Deputy Anderson began stating that "I believe he found a smaller baggy that was twisted up that also--," but defendant objected on hearsay grounds. The trial court overruled the objection, and ruled that "the testimony of this deputy in regards to the other deputies who were at the execution of the search warrant, any hearsay statements is allowed, and the Court will be deeming it to be reliable and trustworthy, pursuant to the laws as it relates to violation of probation hearings." Deputy Anderson then testified that Deputy Salazar directed him to the living room, where a "small bindle" of methamphetamine was on a small table.

Hearsay is "a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) A statement is not hearsay if it is offered to explain the effect on the hearer because ""it is the hearer's reaction to the statement that is the relevant fact

5

sought to be proved, not the truth of the matter asserted in the statement.""" (*People v. Livingston* (2012) 53 Cal.4th 1145, 1162.)

Deputy Anderson's statement that Deputy Salazar said he found a bag of methamphetamine on the small table in the living room was admissible as non-hearsay. Although the trial court ruled that the statement was admissible hearsay, we may affirm a trial court's evidentiary ruling if it "was correct on any ground." (*People v. Geier* (2007) 41 Cal.4th 555, 582, overruled on other grounds as stated in *People v. Houston* (2012) 54 Cal.4th 1186, 1220.) When viewed in the context of Deputy Anderson's testimony, his statement about what Deputy Salazar told him was properly offered not to prove that Deputy Salazar actually did find the bag of methamphetamine on the table, but to show the statement's effect on Deputy Anderson. As Deputy Anderson testified, he responded to Deputy Salazar's statement by following Deputy Salazar to the living room, where Deputy Anderson observed the "small bindle" of methamphetamine on the table. Deputy Salazar's statement was therefore admissible as non-hearsay because it explained how Deputy Anderson learned of the methamphetamine in the living room, which he collected and described in his report. We therefore conclude the trial court properly admitted Deputy Anderson's challenged testimony.

Defendant also argues that Deputy Salazar's statement was hearsay because the prosecution used it to prove the methamphetamine was found on the living room table, and Deputy Anderson could not prove that fact without Deputy Salazar's statement. Even if the trial court erroneously admitted the statement, its admission was harmless.

6

Citing *People v. Shepherd* (2007) 151 Cal.App.4th 1193, and *People v. Winson* (1981) 29 Cal.3d 711, defendant suggests the purported erroneous admission of Deputy Salazar's alleged hearsay statement compels an automatic reversal. We disagree. In *Shepherd*, the defendant's parole was revoked because the trial court found he violated the terms of his probation by drinking alcohol. (*People v. Shepherd*, *supra*, at p. 1196.) The only evidence that he drank alcohol, however, came from improperly admitted hearsay evidence from his probation officer, who testified that a case manager told him that defendant failed an alcohol test. (*Id.* at pp. 1197, 1202-1203.) Because that was the only evidence that the defendant violated his parole, its admission "compel[led] reversal." (*Id.* at p. 1203.)

*People v. Winson*, *supra*, 29 Cal.3d 711, is similar. There, the trial court improperly admitted a transcript of a victim-witness's testimony from a preliminary hearing and relied on that testimony to revoke the defendant's probation. (*Id*. at p. 714.) Our Supreme Court reversed in part because the victim was "the sole percipient witness to the alleged parole violation" and there was no good cause to use his preliminary hearing testimony in lieu of live testimony at the parole revocation hearing. (*Id*. at p. 719.)

*Shepherd* and *Winson* thus do not stand for the proposition that the admission of Deputy Salazar's hearsay statement compels automatic reversal here. As defendant acknowledges, our Supreme Court applied the federal beyond-a-reasonable-doubt standard to assess prejudice from the erroneous admission of hearsay testimony in a

7

preliminary hearing transcript at a parole revocation hearing in *People v. Arreola* (1994) 7 Cal.4th 1144, 1161.) The court found the error harmless because substantial evidence independent of the improperly admitted evidence established that the defendant "had violated his probation in several respects." (*Ibid*.)

So too here. Even if the trial court erroneously admitted Deputy Salazar's hearsay statement via Deputy Anderson's testimony that Deputy Salazar found a bag of methamphetamine on the table, the error was harmless beyond a reasonable doubt given the substantial evidence that defendant violated his parole in two other ways and the trial court's reason for revoking defendant's parole. Deputy Smith testified that he found ammunition and methamphetamine in the bathroom. Deputy Anderson testified that Deputy Smith showed him where he found the ammunition and methamphetamine. Deputy Anderson also testified about how he collected the evidence, including the bags of methamphetamine and ammunition, and wrote the report detailing where the illegal contraband was found. Thus, irrespective of Deputy Salazar's alleged hearsay statement about the bag of methamphetamine on the table, "substantial evidence of [two other] probation violations supported revocation of defendant's probation." (*People v. Arreola*, *supra*, 7 Cal.4th at p. 1161.)

What's more, the trial court revoked defendant's probation simply because he violated "term No. 1, violate no law." There was substantial evidence that defendant violated the law twice—by possessing the methamphetamine and ammunition found in the bathroom—which was established by the unchallenged testimony of Deputies Smith

8

and Anderson.  Remand for a new probation revocation hearing would be "a futile act because, on remand, the trial court would have before it" substantial, uncontested evidence that defendant violated his parole in at least two respects unrelated to the bag of methamphetamine found on the table.  (*People v. Arreola*, *supra*, 7 Cal.4th at p. 1162.)  As a result, we conclude any error in the admission of Deputy Salazar's hearsay statement was harmless beyond a reasonable doubt.  (See *id*. at pp. 1161-1162.)

C.  Marsden *Error*

At the beginning of the sentencing hearing, defendant stated, "I've been asking for a conflict of interest on [my attorney]."  The trial court did not inquire further and continued the sentencing hearing.

The parties agree, as do we, that the trial court should have held a *Marsden* hearing and that a remand for the limited purpose of holding a *Marsden* hearing is appropriate.  (See *People v. Hill* (2013) 219 Cal.App.4th 646, 653-654.)  On remand, "'(1) the court shall hold a hearing on [defendant]'s *Marsden* motion . . . ; (2) if the court finds that [defendant] has shown that a failure to replace his appointed attorney would substantially impair his right to assistance of counsel, the court shall appoint new counsel to represent him and shall entertain such applications as newly appointed counsel may make; and (3) if newly appointed counsel makes no motions, any motions made are

denied, or [defendant]'s *Marsden* motion is denied, the court shall reinstate the judgment.'" (*People v. Sanchez* (2011) 53 Cal.4th 80, 92-93.)[3]

D. *Probation Report*

Defendant argues the trial court erred by failing to order and consider an updated probation report before resentencing him. In his view, the trial court likely would have imposed a lesser sentence had it considered an up-to-date probation report. Because we remand for a full resentencing, this issue is moot. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["A court conducting a full resentencing also may, as appropriate, revisit sentencing choices such as a decision to stay a sentence [citation], to impose an upper term instead of a middle term [citation], or to impose concurrent instead of consecutive sentences [citation]."].) Defendant may raise the issue on remand.

E. *Remand for Resentencing*

The parties agree, as do we, that the matter should be remanded for resentencing under recently enacted Assembly Bill No. 124 and Senate Bill No. 567.

Assembly Bill No. 124 amended section 1170 to reduce the trial court's discretion to sentence the defendant to middle or upper term if the defendant was under 26 years old at the time of the offense. The court must sentence such a defendant to the lower term unless "the aggravating circumstances outweigh the mitigating circumstances that

---

[3] Defendant states that if the trial court grants his *Marsden* motion, then the trial court should resentence him because he is entitled to adequate counsel at sentencing. We leave that decision to the trial court, if necessary.

imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6)(B).)

Senate Bill No. 567 amended section 1170, subdivision (b) to restrict a trial court's sentencing discretion. Under amended section 1170, subdivision (b), a court must "order imposition of a sentence not to exceed the middle term," except under narrow circumstances. (§ 1170, subd. (b)(1).) An upper term may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

We agree with the parties that Assembly Bill No. 124 and Senate Bill No. 567 apply retroactively to defendant's non-final case. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [Assembly Bill No. 124 and Senate Bill No. 567 apply retroactively].) We also agree with the parties that the matter must be remanded for a full resentencing so that the trial court can revisit its sentencing decisions under the new legislation. (See *People v. Valenzuela*, *supra*, 7 Cal.5th at pp. 424-425; *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

IV.

DISPOSITION

The judgment is reversed and the matter is remanded. On remand, (1) the court shall hold a hearing on defendant's *Marsden* motion; (2) if the court finds that defendant

11

has shown that a failure to replace his appointed attorney would substantially impair his right to assistance of counsel, the court shall appoint new counsel to represent him and shall entertain such applications as newly appointed counsel may make; and (3) if newly appointed counsel makes no motions, any motions made are denied, or defendant's *Marsden* motion is denied, the court shall reinstate the judgment. After the conclusion of the *Marsden* proceedings and any further revocation of parole proceedings, if necessary, the trial court shall resentence defendant accordingly.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.

12